IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAIME KHAMBA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AIR 7 SEAS TRANSPORT | : | NO. 12-4237 |
| LOGISTTCS, INC. | : | |
| ECONOCARIBE CONSOLIDATORS, INC. | : | |

MEMORANDUM

O'NEILL, J.                                      JULY 3₀, 2012

     Plaintiff Jaime Khamba filed this pro se civil action against Air 7 Seas Transport Logistics, Inc. ("Air 7") and Econocaribe Consolidators, Inc. ("Econocaribe").  He seeks to proceed in forma pauperis.  For the following reasons, the Court will grant plaintiff leave to proceed in forma pauperis and dismiss his complaint.

I.   FACTS[1]

     In May 2011, plaintiff sought to ship used books to Mozambique.  He contacted Air 7 and was informed by Naomi Munga and Rakesh Sharma that they could ship the books for $1095 per container.  They also instructed plaintiff how to prepare the shipping boxes and suggested that he purchase insurance. Plaintiff paid Air 7 a total of $1295 to ship and insure his cargo.  He wanted the books to be delivered to Beira, Mozambique, but Air 7 did not have an agent in Beira, so arrangements were made to ship the books to Maputo, Mozambique.  Plaintiff alleges that Air 7 never provided him with the name of its agent in

---

[1]All of the facts are taken from the complaint.

Maputo.  Accordingly, plaintiff made arrangements for a friend to receive the books.

On May 18, 2011, plaintiff went to visit friends in Mozambique and Zimbabwe.  He returned to the United States at the end of August.  In September 2011, Eric Aguilar of Econocaribe contacted plaintiff and asked him to send $600 to Mozambique to pay for storage of his books.  Plaintiff contacted Air 7 for clarification and Naomi Munga told him to pay the fee.  Plaintiff replied that Air 7 was responsible for the storage fees and initially refused to pay.  However, he later sent $600 to Mozambique for the storage costs.  Plaintiff then learned that his books would be auctioned off unless he paid money "to the custom services" even though, according to plaintiff, Mozambique does not tax books unless they are imported for business purposes.  He claims that the books still have not been delivered to his friend in Mozambique.

Accordingly, plaintiff brought this lawsuit against Air 7 and Econocaribe for breach of contract and/or negligence.  He alleges that, as a result of the defendants' conduct, he suffered "economic losses," as well as "physical and psychological distress."  He seeks damages in the amount of $4,500.00.

## II.  STANDARD OF REVIEW

The Court grants plaintiff leave to proceed _in forma pauperis_ because he has satisfied the requirements set out in 28 U.S.C. § 1915.  Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it

2

is frivolous or malicious, fails to state a claim, or seeks
monetary relief from a defendant who is immune.  Whether a
complaint fails to state a claim under § 1915(e) is governed by
the same standard applicable to motions to dismiss under Federal
Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough,
184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to
determine whether the complaint contains "sufficient factual
matter, accepted as true, to state a claim to relief that is
plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678
(2009) (quotations omitted).  Furthermore, "[i]f the court
determines at any time that it lacks subject-matter jurisdiction,
the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

## III. DISCUSSION

As the Court cannot discern any federal claims from
plaintiff's complaint, there is no basis for jurisdiction
pursuant to 28 U.S.C. § 1331.  Furthermore, although plaintiff
has alleged facts that give rise to claims under state law, this
Court lacks jurisdiction over those claims.

Diversity jurisdiction requires diversity of citizenship
among the parties and that the amount in controversy exceed
$75,000.  See 28 U.S.C. § 1332(a).  "As a general rule, [the
amount in controversy] is determined from the good faith
allegations appearing on the face of the complaint." Spectacor
Mgmt. Grp. v. Brown, 131 F.3d 120, 122 (3d Cir. 1997).  "The sum
claimed by the plaintiff controls if the claim is apparently made
in good faith.  It must appear to a legal certainty that the

3

claim is really for less than the jurisdictional amount to justify dismissal." <u>Dardovitch v. Haltzman</u>, 190 F.3d 125, 135 (3d Cir. 1999) (quotations omitted). Here, plaintiff alleges that he paid a total of $1,895 to the defendants and seeks damages in the amount of $4,500, far below the jurisdictional minimum. Accordingly, it is apparent to a legal certainty that plaintiff cannot recover more than the statutory threshold. <u>See</u> <u>Thomas v. Nova Southeastern Univ.</u>, 468 F. App'x 98, 100 (3d Cir. 2012) (per curiam) (no diversity jurisdiction over breach of contract claim seeking $4,551.25 in compensatory damages).

A district court should ordinarily allow a pro se plaintiff to amend his complaint, unless amendment would be inequitable or futile. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 113-14 (3d Cir. 2002). In this case, amendment would be futile because it is apparent from the complaint that this Court lacks jurisdiction.

**IV. CONCLUSION**

For the foregoing reasons, the Court will dismiss plaintiff's complaint. An appropriate order follows.